UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JO-JULIEN HICKS,
          Plaintiff,

      v.                                          10-1021

GUY D. PIERCE, ET AL.,
          Defendants.

ORDER

Before the court are the defendants' Motion to Dismiss [43], Memorandum of Law in Support [44] and the plaintiff's Response [45].

On January 6, 2011, the defendants filed a motion to dismiss based on Federal Rule of Civil Procedure 25(a)(1).  On May 3, 2010 the defendants filed a suggestion of the plaintiff's death and on June 3  2010, the deceased plaintiff's mother, Barbara Jones,  (hereinafter decedent's mother) first appeared before the Honorable  David G. Bernthal, United States Magistrate Judge.  On that same day, Ms. Jones entered an appearance as an interested party.  The decedent's mother, through counsel, advised the court that the decedent is survived by two minor children.  The decedent's mother  asserts that the defendants' Motion to Dismiss should be denied for two reasons.  First, the 90-day clock mandated by Fed. R. Civ. P. 25(a)(1) has not begun to run because the decedent's minor children, who are the only persons who have a significant financial interest in this case, have not been properly notified.  Ms. Jones is not an heir of the decedent's estate and has yet to be appointed administrator of the decedent's estate. Second, even if the 90-day clock began, valid extensions have been granted under Fed. R. Civ. P. 6(b)(1).  The decedent's mother argues that on these grounds, the defendants' Motion to Dismiss should be denied and this litigation should continue to allow time for a substitution of parties to be filed.  The court needs to discuss only the first ground.

On September 21, 2010, the court solicited the assistance of the Federal Civil Rights Clinic at the College of Law at the University of Illinois on behalf of the decedent.  Two senior law students, admitted as provisional members of the bar of the court,  were appointed to represent the decedent.  At that time, the court gave instructions to open an estate for the decedent with Ms. Jones as the administrator within 45 days.  On October 21, 2010, court appointed counsel filed a Motion for Aid and Direction as there was an open question whether administrative remedies were exhausted before the lawsuit was filed   Opening an estate might have generated unnecessary expenses and obligations.

On October 27, 2010, the court set a *Pavey* hearing for December 1, 2010 and stated that, given the unique circumstances, the opening of an estate was not required at that time. After the *Pavey* hearing, on December 7, 2010 the court found the decedent's failure to exhaust his administrative remedies was innocent and the defendants had made the decedent's administrative remedies unavailable.  Further, the court held that once an estate was opened, this case would

1

proceed on the merits.

Court appointed attorneys for the decedent have advised the court that they are working to open an estate on behalf of the decedent. Ms. Jones currently resides in Chicago, Illinois, while the decedent's minor children reside in Springfield, Illinois. Counsel and Ms. Jones are continuing to take steps to open an estate and to name Ms. Jones as administrator.

Under Fed. R. Civ. P. 25(a)(1): If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. However, extensions of time are allowed pursuant to Fed. R. Civ. P. 6(b). *See Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th Cir. 2008); *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003). Fed. R. Civ. P. 6(b)(1) provides: When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. In order for the 90-day clock to begin, "non-parties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative (it has not been), should certainly be served." *Atkins*, 547 F.3d at 873. Furthermore, "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Court appointed counsel, advises the court that Ms. Jones does not have a significant financial interest in this case. Decedent died intestate survived by two minor children. Decedent was unmarried at the time of his death and left behind descendants, therefore, the entire financial interest in this case will pass to the decedent's minor children. *See* 755 ILCS 5/2-1(b). Therefore, Ms. Jones does not have a significant financial interest in this case and she is not yet the personal representative of the deceased Plaintiff as no probate estate has been opened. The court finds the 90 day clock has not begun.

Based on the foregoing,

1.      Pursuant to Fed. R. Civ. P. 25(a)(1), Defendants' Motion to Dismiss [43] is denied.

Enter this 13th day of January 2011.


                          \s\**Harold A. Baker**

                    _____
                          Harold A. Baker
                          United States District Judge